**TRUCK INSURANCE EXCHANGE,**
Appellee,

v.

**MARYLAND CASUALTY COMPANY,**
Appellant.

No. 53414.

Supreme Court of Iowa.

April 8, 1969.

Jones, Hoffmann & Davison, by Paul Moser, Jr., Des Moines, for appellant.

Patterson, Lorentzen, Duffield, Timmons, Wright & Irish, by Roy Irish, Des Moines, for appellee.

STUART, Justice.

Truck Insurance Exchange brought this action for contribution from Maryland Casualty Company claiming both companies provided "excess" insurance coverage for the loss in question and were liable in proportion to their limits. The trial court allowed contribution. Defendant appealed. We affirm.

Brown Truck Leasing Corporation, hereinafter called Brown, leased a fleet of trucks to Rack Service, Inc., hereinafter called Rack. One of these trucks driven by Dwight Proudfit, an employee of Rack, collided with a car owned and driven by Maxine Krebs. Truck Insurance Exchange insured Brown, the lessor, and Rack, the lessee. Maryland Casualty Company insured Rack and Proudfit, the driver.

The dispute between the insurance companies as to coverage and the liability for the cost of defense was deferred until the claims of Mrs. Krebs and her husband were determined. The total cost of disposing of all claims including court costs and attorneys fees in the amount of $15,548.88 was paid by plaintiff who brought this action for contribution from defendant.

The trial court found each insurance policy provided for "excess" insurance and, as their coverages were identical, allowed plaintiff contribution equal to one-half of the cost of disposing of the claims.

I. It is essential to a correct understanding of this opinion that the nature of this action be kept in mind. It is *not* based on subrogation. The insurance carrier is not seeking contribution or indemnity through some rights his insured might have had against defendant's insured. It is an action for contribution based upon pro-

visions in the respective policies of insurance which create a question as to which company should stand the loss. If it were not for the other, the policy of each company would cover the loss.

■ Such conflicts over the coverage furnished under different policies are not unusual. As a general rule, when two insurance companies provide insurance on the same loss, the question of their respective insurance obligations is determined by a construction of the language used by the respective insurers and not upon any arbitrary rule or circumstance. Motor Vehicle Casualty Co. v. LeMars Mutual Ins. Co., 254 Iowa 68, 73, 116 N.W.2d 434, 437; Travelers Indemnity Co. v. National Indemnity Co., 8 Cir., 292 F.2d 214, 222; Continental Casualty Co. v. American Fidelity & Cas. Co., 7 Cir., 275 F.2d 381, 384; McFarland v. Chicago Express, Inc., 7 Cir., 200 F.2d 5, 7; Woodrich Construction Co. v. Indemnity Ins. Co., 252 Minn. 86, 89 N.W.2d 412, 420–421; Cosmopolitan Mut. Ins. Co. v. Continental Cas. Co., 28 N.J. 554, 147 A.2d 529, 69 A.L.R.2d 1115, 1119; Continental Casualty Co. v. Buckeye Union Cas. Co., Ohio Com.Pl., 143 N.E.2d 169, 174; Farmers Insurance Exchange v. Fidelity & Cas. Co. of N. Y., Wyo., 374 P. 2d 754, 755.

II. The provision in plaintiff's policy concerning coverage for personal injury and property damages provided: "The insurance afforded by this policy shall not apply to any loss covered by any other insurance, but shall be excess insurance over such other insurance."

Defendant's policy provided: "This insurance shall be excess insurance over any other valid and collectible insurance for bodily injury liability or property injury liability and for automobile medical payments."

Defendant does not disagree with the trial court's finding that both policies provide "excess" insurance. Although we have settled the responsibility in conflicts between "pro rata" and "excess" clauses,

Motor Vehicle Cas. Co. v. LeMars Mutual Ins. Co., supra, and "pro rata" and "excess-escape" clauses, Burcham v. Farmers Insurance Exchange, 255 Iowa 69, 121 N. W.2d 500, this is a case of first impression involving two simple "excess" insurance clauses.

Defendant urges us to adopt the rule in such case that owner-lessors provide primary coverage and lessee-operators provide excess coverage. For support it cites: Pacific National Insurance Co. v. Transport Insurance Co., 8 Cir., 341 F.2d 514; Travelers Insurance Co. v. Employers' Liability Assurance Corp., D.C., 242 F.Supp. 627; Carolina Casualty Ins. Co. v. Pennsylvania Threshermen & Farmers' Mut. Cas. Ins. Co., D.C., 216 F.Supp. 325; Farm Bureau Mutual Auto Ins. Co. v. Preferred Accident Ins. Co., D.C., 78 F.Supp. 561.

Pacific National Insurance Co. v. Transport Insurance Co., supra, is not in point. It allows the insurer of lessee, who was vicariously liable, indemnity from the insurer of the driver who was the actual tort-feasor. The fact the insurer also covered the lessor, driver's employer, was not determinative.

We prefer and adopt the majority rule which renders the companies liable on a pro rata share of the judgment of costs and expenses. 7 Am.Jur.2d 545, Automobile Insurance § 202; Anno.: 69 A.L.R.2d 1122. The cases supporting such rule and the reasons therefor are well stated in Cosmopolitan Mut. Ins. Co. v. Continental Cas. Co., 28 N.J. 554, 147 A.2d 529, 534, 69 A. L.R.2d 1115, 1121:

"As applied to the facts of the present case, both policies provide that they shall be 'excess' insurance. However, it is obvious that there can be no 'excess' insurance in the absence of 'primary' insurance. Since neither policy by its terms is a policy of 'primary' insurance neither can operate as a policy of 'excess' insurance. The excess insurance provisions are mutually repugnant, and as against each other are impossible of accomplishment. Each provi-

sion becomes inoperative in the same manner that such a provision is inoperative if there is no other insurance available. Therefore, the general coverage of each policy applies and each company is obligated to share in the cost of the settlement and expenses. We think that such a conclusion affords the only rational solution of the present dispute."

Most cases prorate the liability on the amount of insurance coverage. Anno.: 69 A.L.R.2d 1122, 1124. There is logical authority holding otherwise. Cosmopolitan Mut. Ins. Co. v. Continental Cas. Co., supra, 28 N.J. 554, 147 A.2d 529, 69 A.L.R.2d at 1122. We need not resolve this question here as the coverage on the two policies is identical and equal contribution would result under any of the theories.

III. Defendant also contends the general rule limiting determination of the liability of the respective companies to the terms of their policies is not applicable because plaintiff's policy provided coverage for liability assumed by its insured under any written contract usual to its business occupation and the provision of the lease between Brown and Rack requiring Brown to furnish at least $100,000 primary insurance "spilled over" into plaintiff's insurance contract making its coverage primary.

We do not consider this question is properly before us on this record. It appears to involve many legal problems and factual questions which go far beyond a dispute between two insurers. We were told in oral argument that defendant as assignee of Rack is seeking to recover any amount it is required to pay as a result of this case from Brown. Plaintiff's obligation to pay on Brown's behalf can be determined in that action. In Motor Vehicle Casualty Co. v. LeMars Mutual Ins. Co., 254 Iowa 68, 75, 116 N.W.2d 434, 438, we state the following from National Indemnity Co. v. Lead Supplies, Inc., D.C., 195 F.Supp. 249, 255, is not debatable:

"An insurance company, like any other obligor under a contract, cannot be held responsible for more than it became obligated to perform. Such obligations can only be determined from the insuring agreements."

Plaintiff's policy on which defendant relies was superseded by another which does not cover contractual liability. Defendant claims the new policy is not effective as to it and its insured because of plaintiff's failure to comply with notice provisions. The record is silent on Brown's knowledge of the change. Although it is doubtful defendant in this action can rely on a provision not required by the lease and which may not be in the current contract between the insurer and the insured, we do not resolve that question here.

In Travelers Indemnity Co. v. National Indemnity Co., 8 Cir., 292 F.2d 214, 222, the general rule set out above was applied over the contention that the authorized agent intended to cover the risk and his knowledge became that of the insurer.

In any event plaintiff's liability here was not based on Brown's contract but resulted from the public liability coverage of a tort committed by defendant's insured. There is no showing plaintiff had any knowledge of the provisions in the lease.

The authorities set out in division I are applicable under these facts.

IV. Defendant claims the trial court did not consider all the provisions of its policy which, if considered along with all the provisions of plaintiff's policy, would make plaintiff's coverage primary and its coverage excess. It points to three specific instances but argues only one. Defendant's policy provided for a premium on only five percent of the premium normally charged so long as Brown maintained primary insurance.

The record shows defendant's auditor examined plaintiff's policy with Brown six or seven years prior to this action and that Rack received a certificate of insurance stating the insurance furnished by Truck Insurance Exchange was subject to the

**166**

terms of its policy and endorsements. It is conceded the policy contains no reference to primary insurance but does contain the "excess" provision previously discussed. It is not shown what rate of premium Rack paid Maryland Casualty. This may become important in the pending law suit against Brown.

█ Where, as here, we are seeking to resolve a dispute between two insurers, an interpretation placed on the policy of one by an agent of another is not binding on the former.

We find no provisions in either policy which make the general rule inapplicable.

█ V. Defendant argues Brown had no right of contribution from Rack under the lease which required Brown to furnish primary insurance and therefore plaintiff could not get contribution from defendant as the rights of an insurer can rise no higher than those of the insured.

This is true when the right to contribution is based on subrogation to the insured's rights against the other company's insured. American Fidelity and Casualty Company v. Simmons, 4 Cir., 253 F.2d 634 and Archibald v. Midwest Paper Stock Company, Iowa, 148 N.W.2d 460, cited by defendant, so hold. They both sought *indemnity* on the ground that defendant was primarily liable. In both instances indemnity was denied because of an agreement on the part of the insured to furnish liability insurance covering the claim.

Defendant fails to recognize the nature of the action before us. As pointed out in the first division the dispute here is between two insurance companies with "excess" insurance coverage. Defendant's rights as subrogee or assignee of Rack are yet to be determined.

For the reasons stated the trial court is affirmed.

Affirmed.

All Justices concur.