**FEDERATED INSURANCE, Appellee,**

v.

**IOWA MUTUAL INSURANCE COMPANY, Appellant.**

No. 02–0170.

Supreme Court of Iowa.

April 2, 2003.

William H. Roemerman of Crawford, Sullivan, Read & Roemerman, P.C., Cedar Rapids, for appellant.

Mark A. Fonken of Jardine, Logan & O'Brien, P.L.L.P., Lake Elmo, MN, and Lawrence R. Kayser of Kayser Law Office, Webster City, for appellee.

NEUMAN, Justice.

This is a declaratory judgment action to determine the apportionment of insurance proceeds between two insurers who settled with injured parties following an automobile collision. The appellant, Iowa Mutual Insurance Company, claims the district court's decision permits the other insurer, Federated Insurance, to unlawfully subrogate against its own insured. We reject this contention, thereby affirming the district court.

The facts are undisputed. Dorothy Carstens, while test-driving a car owned by Steineke Ford, struck a car being driven by Bonnie Rusch. Rusch's husband, Brian, was a passenger in the Rusch vehicle. The Rusches sustained significant injuries.

At the time of the accident, Carstens was insured under a personal auto liability policy issued by Iowa Mutual with a combined single limit of $300,000 per accident. As a customer of Steineke Ford, she was also an insured under the dealer's garage policy issued by Federated. Both policies contained clauses limiting their coverage. The Iowa Mutual "other insurance" clause states:

> If there is other applicable liability insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. *However, any insurance we provide for a vehicle you do not own shall be excess over any other collectible insurance.*

(Emphasis added.) The Federated policy insures the dealership's customers; however, the policy states that if a customer

> [h]as no other available insurance (whether primary, excess or contingent), they are an "insured" but only up to the compulsory or financial responsibility law limits where the covered "auto" is principally garaged.

In this case, that limit totaled $40,000. *See* Iowa Code § 321A.21 (1999) (requiring liability insurance of up to $20,000 per person, up to a maximum of $40,000 per accident).

The Rusches sought recovery from both Carstens and Steineke Ford. Mediation ensued. The insurers ultimately agreed to settle the Rusches' claims for a total of $265,000. Each contributed equally to the settlement pending a later determination of their relative legal liabilities for the accident. Federated then instituted this suit to seek reimbursement for sums it paid over and above its legal liability under the garage policy. Iowa Mutual answered, denying that Federated overpaid and asserting that Iowa Mutual overpaid its share of the settlement.

Ruling on cross motions for summary judgment, the district court determined that because each policy purported to provide only excess coverage, the calculation of each insurer's coverage obligation must be based on a pro rata share of each company's policy limits. Thus the court divided the total amount of settlement ($265,000) by the total available policy limits ($340,000) to determine that each carrier should pay 77.94 percent of its policy limits. This appeal by Iowa Mutual followed.

■ I. The crux of Iowa Mutual's appeal is its contention that the court's pro rata apportionment of the carriers' coverage obligations effectively permits Federated to subrogate against its own insured, Carstens. Its argument seems to hinge on the fact that Federated initially resisted Carstens' coverage claim based on the "no other available insurance" provision of Federated's insuring clause. Iowa Mutual contends that Federated settled the case on behalf of Steineke Ford, only, making its current claim against Iowa Mutual one for subrogation.

There are two flaws in Iowa Mutual's argument. First, the parties' stipulated agreement to split the Rusch settlement specifically disclaims any intent to fix the "proper division of liability" between them. Nor does the agreement recite on whose behalf the equal payments were made. By its terms, the agreement was reached "solely for purposes of paying [the Rusches] the amount owed."

Second, by the time this declaratory judgment action reached the summary judgment stage, Federated had conceded Carstens' insured status consistent with our decision in *Aid Insurance Co. v. United Fire & Casualty Co.*, 445 N.W.2d 767, 771 (Iowa 1989). There we identified nearly identical policy language as a form of "escape" clause, compelling a construction favoring coverage to "protect the person who, although doubly insured, is denied any coverage at all." *Aid Ins. Co.*, 445 N.W.2d at 770 (citing *Union Ins. Co. v. Iowa Hardware Mut. Ins. Co.*, 175 N.W.2d 413, 418 (Iowa 1970)).[1]

We are convinced, as was the district court, that Iowa Mutual's subrogation argument simply mischaracterizes the nature of the action. The focus here is not on the respective rights of the insureds but on the respective obligations of the insurers. We made the identical point in *Truck Insurance Exchange v. Maryland Casualty Co.*:

It is essential to a correct understanding of this opinion that the nature of this action be kept in mind. It is not based on subrogation. The insurance carrier is not seeking contribution or indemnity through some rights his insured might have had against defendant's insured. It is an action for contribution based upon provisions in the respective policies of insurance which create a question as

---

**1.** We reasoned that "a clause excluding a person from coverage—unless other insurance *does not* exist—is just as much an escape clause as one that *includes* the insured unless other insurance *does* exist." *Aid Ins. Co.*, 445 N.W.2d at 770.

to which company should stand the loss. If it were not for the other, the policy of each company would cover the loss.

*Truck Ins. Exch.*, 167 N.W.2d 163, 163–64 (Iowa 1969). In the *Truck* case we went on to observe that when two carriers provide coverage on the same loss, we determine their respective obligations by construing the language used in their respective policies. *Id.* at 164. That is precisely what the district court did here, subject to the rules applicable to "mutually repugnant" excess clauses. *See id.*

 **II.** It has long been held that if concurrent policies provide coverage only to the extent that other insurance is not available, such excess provisions are ignored and the loss prorated between the insurers based on their combined policy limits. *Aid Ins. Co.*, 445 N.W.2d at 769; *Union Ins. Co.*, 175 N.W.2d at 418; *Truck Ins. Exch.*, 167 N.W.2d at 164–65.

It is true, as Iowa Mutual contends, that in the *Aid Insurance* case—which also involved injuries caused by a customer of a car dealership—we denied the dealer's insurer's cross-claim for indemnity against the driver of the vehicle. *Aid Ins. Co.*, 445 N.W.2d at 771. Contrary to Iowa Mutual's argument, however, the cases are plainly distinguishable. In *Aid,* the dealer's insurer had paid none of the judgment so there was no loss to be indemnified. *Id.* More importantly—and in contrast to the case before us—the insurer's cross-claim sought personal recovery against the consent driver rather than an apportionment of coverage obligations between insurers. Such a cross-claim, of course, implicated the well-settled rule preventing an insurer's recovery by right of subrogation from its own insured and was rightly rejected. *Id.* Federated is not attempting such a maneuver here. The district court was correct in so ruling.

**III.** As noted earlier in this opinion, the court determined that each insurer's pro rata share of the liability claim/settlement equals 77.94 percent. Applying this figure to their respective policies, Federated would owe $31,176.48 (77.94 × 40,000) and Iowa Mutual would owe $233,822.52 (77.94 × 300,000). Because Federated paid $132,500 toward the settlement, it would be entitled to reimbursement from Iowa Mutual in the sum of $101,322.52. Based on an evident mathematical error, the district court entered judgment against Iowa Mutual for only $100,823.52. Federated, however, has not cross-appealed for the additional sum. We therefore affirm the judgment of the district court.

**AFFIRMED.**