GOVERNMENT EMPLOYEES INSURANCE COMPANY v. LUMBERMENS MUTUAL CASUALTY COMPANY, MAE BEAL WALLACE, EUGENE TATUM, ANNIE RUTH TATUM AND CARR MOTOR COMPANY.

(Filed 3 February, 1967.)

**1. Insurance § 59—**

A clause excluding liability under a policy of automobile insurance if the accident occurs while insured is using the vehicle in the automobile business does not apply when insured is driving a car as a prospective purchaser from an automobile dealer, since such use by insured is not a use in insured's automobile business.

**2. Same—**

An exclusion clause of a garage liability policy *is held* effective when a prospective purchaser is covered by other valid and collectible insurance.

**3. Same—**

A provision in a liability policy excluding coverage if the accident in question is covered by other valid and collectible insurance does not contravene the Financial Responsibility Law, and therefore in an action involving the validity of such exclusion clause, the conclusion of the trial court that the clause was rendered valid by reason of its approval by the Insurance Commissioner, is not germane and is deleted.

**4. Same—**

Whether a claim comes under the exclusion from liability under a clause relating to other insurance is to be determined by construction of the policy to determine what event will activate the exclusion, without regard to the terms of the other contract of insurance, and therefore there can be no conflict between the exclusion clauses in separate policies of liability insurance.

APPEAL by plaintiff from *Cowper, J.,* at the 29 August 1966 Civil Session of CUMBERLAND.

This is a suit for a declaratory judgment to determine to what extent, if any, automobile liability insurance coverage is afforded to Eugene R. Davis, with reference to claims arising out of an automobile collision on 11 October 1963, by a policy issued to Davis by the plaintiff, hereinafter referred to as GEICO, and by a policy issued by Lumbermens Mutual Casualty Company, hereinafter called Lumbermens, to Carr Motor Company.

The pertinent provisions of the GEICO policy are identical with those contained in the Allstate policy involved in the case of *Allstate Insurance Company v. Shelby Mutual Insurance Company,* ante 341 decided this day, and the pertinent provisions of the Lumbermens' policy are identical with those contained in the Shelby Mutual policy there involved. Reference is made to the statement of facts in that case for such policy provisions.

It is the contention of GEICO that no coverage is afforded by

its policy with reference to such claims, but if its policy is applicable thereto it provides only "excess coverage" over the coverage afforded by the Lumbermens' policy. It is contended by Lumbermens that its policy affords no coverage with reference to these claims.

The superior court adjudged that GEICO's policy affords primary coverage to Davis with respect to such claims, up to the limits of liability set forth therein, and that the Lumbermens' policy does not afford coverage to Davis, or to any other party to this action except Carr Motor Company, with respect to such claims.

The defendants Mae Beal Wallace, Eugene Tatum, Annie Ruth Tatum and Carr Motor Company were duly served with summons and copies of the complaint. None of them filed answer or other pleading, the time for filing such pleading having expired prior to the hearing of the matter in the superior court. Davis was not made a party.

The parties waived trial by jury and the matter was heard by the court on the pleadings and stipulated facts, the defendant Wallace, through her attorney, having agreed to such stipulations and having agreed to be bound by the judgment.

Upon the pleadings and such stipulations, the court made findings of fact, to which no exception is taken. The pertinent facts, other than the provisions of the respective policies, are:

At the time of the collision in question, there was in full force and effect a policy of automobile liability insurance issued by GEICO to Davis covering certain automobiles owned by Davis.

There was also in full force and effect at the time of the collision a policy issued by Lumbermens to Carr Motor Company, a dealer in automobiles, covering all automobiles owned by it.

On 11 October 1963, Davis was driving a car owned by Carr Motor Company, with its permission, his purpose being to determine whether he would buy it. The automobile so driven by Davis collided with an automobile owned by Eugene Tatum and driven by Annie Ruth Tatum, his wife, Mae Beal Wallace being a passenger in the Tatum car and sustaining injuries for which she has made a claim for damages against Davis and Carr Motor Company.

At the time of the collision in question, the automobile so driven by Davis bore a dealer's license plate issued to the Carr Motor Company by the Department of Motor Vehicles. The regulations of that Department, issued pursuant to G.S. 20-315, provide that dealer license plates shall not be issued unless the dealer, at the time of his application therefor, presents to the Department of Motor Vehicles proof of financial responsibility, which shall be evidenced by a "certificate of insurance or certificate of financial security bond or a financial security deposit or by qualification as a self-insurer,

as those terms are defined in Article 9A, Chapter 20, of the North Carolina General Statutes."

GEICO notified Lumbermens of its contention and demanded that Lumbermens provide a defense for Davis and pay any judgments which may be rendered against him as a result of the collision on 11 October 1963, which demand Lumbermens rejected, contending that its policy affords no coverage for Davis.

Davis, who is not a party to this action, has also made demand both upon GEICO and upon Lumbermens that he be furnished with a defense and that any judgment rendered against him by reason of the said collision be paid.

Upon these findings of fact the superior court reached the following conclusions of law:

"1. The court has jurisdiction of the parties and the subject matter; an actual controversy exists between the parties; and that the action is the proper subject of declaratory judgment.

"2. Except for the 'approval' of the Commissioner of Insurance of Endorsement No. 12 in Lumbermens' policy, paragraph 6 of Findings above, the same would be in conflict with the provisions of G.S. of N.C. 20-279.21. (Approval of this endorsement by the Commissioner of Insurance eliminated this conflict and made the Endorsement valid.)

"3. (The automobile being driven by Davis, but owned by Carr Motor Company was not being used in the automobile business 'by the insured' at the time of the accident herein involved so as to bring its use within the 'Exclusion' of GEICO's policy, Paragraph 9 of Findings.)

"4. While the 'escape' provisions of Endorsement 12 of Lumbermens' policy, Paragraph 6 of Findings, and the 'excess' provisions of GEICO's policy, Paragraph 9 of Findings, are in conflict, (GEICO's policy afforded coverage for Davis driving a 'non-owned' automobile under its insuring agreement which reads: * * *)

mary or excess with respect to said accident and any claims and lawsuits arising out of it.)"

Upon these conclusions the court entered its judgment as summarized above.

GEICO assigns as error those portions of the conclusions enclosed in parentheses, and each of the adjudications of the court.

*Anderson, Nimocks & Broadfoot by Henry L. Anderson for plaintiff appellant.*

*Dupree, Weaver, Horton, Cockman & Alvis for defendant appellee.*

LAKE, J. The questions presented by this appeal are identical with those decided this day in *Allstate Insurance Company v. Shelby Mutual Insurance Company, et al.,* 269 N.C. 341, 152 S.E. 2d 436. For the reasons there stated, the judgment rendered below in this case is affirmed. We do not, however, approve the superior court's conclusion of law No. 2 above quoted. As we held in the above mentioned case, the Lumbermens' policy, as modified by the endorsement, does not conflict with G.S. 20-279.21 and, therefore, it is not necessary to determine, in this action, the effect of an approval by the Commissioner of Insurance of a provision in an endorsement upon an insurance policy which conflicts with the requirements of the statute cited.

Neither do we approve the statement in the superior court's conclusion of law No. 4 to the effect that the "escape" clause of the Lumbermens' policy and the "excess" provision of GEICO's policy are in conflict. As pointed out in *Allstate Insurance Company v. Shelby Mutual Insurance Company, et al., supra,* these provisions are contained in separate and distinct contracts between different parties. The terms of each contract must be construed in accordance with the intent of the parties to that contract, subject to possible modification by statutory requirements. The provisions of one of these contracts cannot change the meaning of the other. The question is whether the existence of the GEICO policy, properly construed, is an event which brings into operation the exclusionary clause of the Lumbermens' policy, properly construed.

Notwithstanding these erroneous portions of its conclusions of law, the superior court's adjudications of the rights of the parties are in accord with our decision in the *Allstate* case, *supra.*

Affirmed.