GLOBE INDEMNITY COMPANY and Royal Indemnity Company, Plaintiffs and Respondents,

v.

WESTERN CASUALTY & SURETY COMPANY et al., Defendants and Appellants.

No. 13443.

Supreme Court of Utah.

June 28, 1974.

1.  16 Utah 2d 72, 395 P.2d 837.

Glenn C. Hanni, Strong & Hanni, Salt Lake City, for defendants and appellants.

Harold G. Christensen, Raymond M. Berry, and Craig S. Cook, Worsley, Snow & Christensen, Salt Lake City, for plaintiffs and respondents.

TUCKETT, Justice:

The defendants appeal from a summary judgment entered in the court below in favor of the plaintiffs. The defendants are here seeking a reversal.

Reed F. Iverson had purchased a Chevrolet truck from Gordon Wilson Chevrolet. The truck was used in Iverson's service station business as well as a pleasure vehicle for himself and family. The truck was in need of repairs and Gordon Wilson Chevrolet picked up the truck and left a passenger automobile with Iverson for his use during the period the truck was undergoing repairs. Iverson gave permission to his daughter, Carol Ann, who was 17 years of age, to take the automobile for the purpose of going to a show with her boyfriend. Carol Ann drove to the home of her boyfriend, Carl Lundeberg. Carol requested Lundeberg to drive the automobile and thereafter they picked up another couple and continued on to the show. After the show, Carl continued to drive the automobile and after driving the other couple to their home and while or the way to Carl's home the automobile struck a pedestrian.

At the time of the accident Clinton H. Lundeberg, father of Carl, had in effect a family automobile policy issued by Western Casualty & Surety Company which covered the residents of the Lundeberg household. Globe Indemnity Company had in effect a garage liability policy covering any automobile used for business purposes and for certain non-business purposes, issued to Reed Iverson. Royal Indemnity Company had a garage liability policy in force naming Gordon Wilson Chevrolet Company as the insured.

The defendant demanded of Royal Indemnity Company and Globe Indemnity Company that they defend the action brought on behalf of the boy injured in the accident. Royal and Globe refused to accept responsibility under their policies and thereafter Western undertook to defend the action which it later settled. Royal and Globe, the plaintiffs here, initiated these proceedings for the purpose of having the court determine their responsibilities, if any, to defend the action against the Lundebergs and indemnify them against loss.

In order to arrive at a decision it is necessary that this court construe the provisions of the three policies issued by the parties. We hereinafter set out what we consider to be the crucial provisions of each of the policies.

Firstly the provisions of Western's policy:

The insured automobile is defined as:

Owned automobile means:

(a) A private passenger, farm or utility automobile described in this policy for which a specific premium charge indicates that coverage is afforded.

\* \* \* \* \* \*

(b) A temporary substitute automobile; "temporary substitute automobile" means any automobile or trailer, not owned by the named insured, while temporarily used with the permission of the owner as a substitute for the owned automobile or trailer when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction; "non-owned automobile" means an automobile or trailer not owned by or furnished for the regular use of either the named insured or any relatives, other than a temporary substitute automobile.

The "Other Insurance" clause in Western's policy provides:

8. Other Insurance: If the insured has other insurance against a loss covered by this policy The Western shall not be liable under this policy for greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss: Provided, however, the insurance under this policy shall be excess insurance over any other valid and collectible insurance with respect to (a) Loss arising out of the maintenance or use of any hired or non-owned automobile and (b) . . . .

Royal's contains the following provision:

Provided that with respect to a person described as insured under paragraph (3)(b) of Persons Insured and any person or organization legally responsible for the use of the automobile by such person, other than the named insured and any person or organization described in paragraph (3)(a) of Persons Insured.

(i) The applicable limit of the company's liability shall be the amount by which (1) the applicable minimum limit of liability for bodily injury or property damage specified in the financial responsibility law of the state in which the automobile is principally garaged exceeds (2) the sum of the applicable limits of liability under all other valid and collectible insurance available to the insured, and

(ii) the insurance under this policy shall not apply to any loss with respect to which the insured has other valid and collectible insurance unless the total amount of the loss exceeds the sum of the limits of liability of all other policies affording such other insurance and the company shall then be liable, subject to clause (i) foregoing, only for the excess.

Globe's policy contains the following provision:

E. Other Insurance. If the insured has other insurance against loss to which this endorsement applies, the company shall not be liable under the policy for a greater proportion of such loss than the applicable limit of liability under the policy for such loss bears to the total applicable limit of liability of all valid and collectible insurance against such loss.

The above provision shall not apply with respect to other insurance stated to be applicable to the loss only as excess insurance over any other valid and collectible insurance or on a contingent basis.

Western's policy provides "insurance under this policy shall be excess insurance over any other valid and collectible insurance." Royal policy as well as the Globe policy provide coverage only if no other valid and collectible insurance is available. It appears that the plain language of the garage policies issued to Gordon Wilson Chevrolet and to Iverson provides only a limited coverage to pay only excess over other valid and collectible insurance. The

language of the policies relieve the plaintiffs from any obligation to defend or to indemnify the Lundebergs.[1]

In view of our construction of the language of the policies we deem it unnecessary to consider the problem raised in the briefs concerning whether or not Carl Lundeberg had permission to drive the automobile under the terms of the policies dealing with the persons covered therein.

The decision of the court below is affirmed. Respondents are entitled to costs.

CALLISTER, C. J., and HENRIOD, ELLETT and CROCKETT, JJ., concur.

1. Indiana Lumberman's Mutual Ins. Co. v. Mitchell, 7 Cir., 409 F.2d 392; Allstate Insurance Co. v. Shelby Mutual Insurance Co., 269 N.C. 341, 152 S.E.2d 436; Government Employees Ins. Co. v. Lumberman's Mutual Cas. Co., 269 N.C. 354, 152 S.E.2d 445; Faltersack v. Boogaard, 39 Wis.2d 64, 158 N.W.2d 322; Appleman Insurance Law & Practice, Vol. 8, Sec. 4914 p. 400.