ALLIANCE MUTUAL INSURANCE COMPANY v. NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY

No. 8318SC861

(Filed 21 August 1984)

Insurance § 93— excess insurance clause—no primary or excess policy—coverage prorated

Where insured was covered by policies executed by plaintiff and defendant and neither policy was primary or excess, the excess insurance clauses in

the policies were mutually repugnant, and coverage for the insured accident was properly prorated.

APPEAL by defendant from *Smith, Judge.* Judgment entered 11 May 1983 in Superior Court, GUILFORD County. Heard in the Court of Appeals 8 May 1984.

The defendant appeals from a judgment requiring it to pay one-half the amount which the plaintiff had paid on a liability insurance claim. The parties stipulated to the following facts upon which the superior court decided the case. Alliance Mutual Insurance Company had a liability insurance policy in force on 1 June 1980 covering liability for Max and Phyllis Barrow for accidents involving watercraft. On the same date, New York Central Mutual Fire Insurance Company had in force a liability insurance policy covering Charles and Mary Jessup and any member of their household for liability for accidents by watercraft. Each policy contained a provision identical to a provision in the other policy which provided that the coverage "shall be excess insurance over any other valid and collectible insurance available to the Insured."

On 1 June 1980, Ricky Jessup, the son of Charles and Mary Jessup, was operating a boat with a 170 horsepower engine, owned by Max Barrow, which was involved in an accident. Ricky Jessup was an insured under both policies. Alliance settled a liability claim against Ricky Jessup for $13,000.00 which was a fair and reasonable settlement. Alliance called on New York to pay it one-half the amount paid in settlement of the claim, which New York refused to do.

The superior court held, based on the stipulated facts, that the two insurance policies "contained identical excess insurance clauses and such clauses are mutually repugnant in this case and must be disregarded . . . ." A judgment was entered for $6,500.00 plus interest against the defendant. The defendant appealed.

*Perry C. Henson and Jack B. Bayliss, Jr. for plaintiff appellee.*

*Tuggle, Duggins, Meschan and Elrod, by Sally A. Lawing, for defendant appellant.*

WEBB, Judge.

The defendant, relying on *Insurance Co. v. Insurance Co.*, 269 N.C. 341, 152 S.E. 2d 436 (1967); *Insurance Co. v. Casualty Co.*, 269 N.C. 354, 152 S.E. 2d 445 (1967); and *Insurance Co. v. Continental Casualty Co.*, 54 N.C. App. 551, 284 S.E. 2d 211 (1981), argues that in every case in which the superior court has ordered proration on the basis of mutual repugnance of excess insurance clauses, such rulings have been reversed when appealed. The defendant contends the proper inquiry is "which of the two policies is primary and which is excess." We agree with the defendant that this is the proper inquiry. When this inquiry leads to the conclusion, however, that neither policy is primary or excess, we must hold that the clauses are mutually repugnant and the coverage must be prorated. Where, as here, the excess insurance clauses are identical in language, we do not see how we can hold the coverage of either company is primary or excess. We affirm the judgment of the superior court.

The defendant contends that the plaintiff's coverage is primary because the excess insurance clause in its policy was not intended to apply to the watercraft coverage. Defendant says this is so because the policy as originally issued to the Barrows excluded liability coverage for any watercraft having a motor of more than 50 horsepower. The Barrows had purchased a watercraft endorsement which provided that liability coverage "is extended to apply to . . . ownership . . . of watercraft . . . exceeding fifty horsepower." The boat which was involved in the accident in this case had an engine of 170 horsepower. The defendant argues that the excess insurance clause in the Alliance policy applies to the basic policy and does not apply to the endorsement. It says the Barrows purchased additional coverage and by doing so, they intended to purchase primary coverage. We do not believe we can read such an intent into the action of the Barrows. They had an endorsement added to their policy which extended the coverage to watercraft with more than 50 horsepower engines. We read nothing in the policy which says the excess clause does not apply. We believe the Barrows wanted the additional protection. So long as they received it, they did not care whether it was through primary or excess coverage.

The defendant cites *Auto Owners Ins. Co. v. Northstar Mut. Ins. Co.*, 281 N.W. 2d 700 (Minn. 1979). We are not bound by that case and do not follow it.

Affirmed.

Judges HILL and WHICHARD concur.