MARY FREE BED HOSPITAL AND REHABILITATION CENTER v
INSURANCE COMPANY OF NORTH AMERICA

Docket No. 64736. Submitted June 6, 1983, at Grand Rapids.—Decided December 19, 1983. Leave to appeal applied for.

> This action was brought in the Kent Circuit Court seeking a declaratory judgment in a dispute between plaintiff, Mary Free Bed Hospital and Rehabilitation Center, a self-insured health care facility, and defendant, Insurance Company of North America, over which company is obligated to provide primary medical coverage for Jane Harmon, an insured under their respective policies. The insurance policies of the plaintiff and the defendant contain conflicting "excess" clauses. The plaintiff's policy has a limit of $250,000. The defendant's policy has a $1,000,000 limit and a $10,000 deductible. The deductible amount was paid for here by the plaintiff. The trial court, Roman J. Snow, J., determined that pro-rata liability attached and that the plaintiff's liability should be based on its policy limit less the sum covered under defendant's deductible. The court determined that plaintiff was liable for 19.35% and defendant for 80.65% of the liability. Defendant appeals. *Held:*
>
> 1. The conflicting "excess" clauses of the insurance contracts should be disregarded and pro-rata liability attached. The applicable deductible does not affect proration. The insurers are to pay the loss in proportion to their policy limits.
>
> 2. The trial court properly determined that pro-rata liability applied, but erroneously calculated the amount of proration.
>
> Affirmed in part and reversed in part and remanded for entry of an order consistent with the opinion.

INSURANCE — CONFLICTING "EXCESS" CLAUSES — PRO-RATA LIABILITY — DEDUCTIBLE AMOUNTS.

> Conflicting "excess" clauses contained in insurance policies of an insured should be disregarded and pro-rata liability attached to

REFERENCES FOR POINTS IN HEADNOTE
44 Am Jur 2d, Insurance §§ 1270, 1615, 1791.
Resolution of conflicts, in non-automobile liability insurance policies, between excess or pro-rata "other insurance" clauses. 12 ALR4th 993.

the insurers in an action to determine the insurers' obligations to the insured under their respective policies; the insurers are to pay the established loss in proportion to their policy limits and an applicable deductible amount does not affect such proration.

*Varnum, Riddering, Wierengo & Christenson* (by *Terrance R. Bacon* and *Teresa S. Decker),* and *Baxter & Hammond* (by *R. Curtis Mabbitt),* of counsel, for plaintiff.

*Cholette, Perkins & Buchanan* (by *Bruce M. Bieneman* and *Jeffrey H. Beusse),* for defendant.

Before: R. M. MAHER, P.J., and GRIBBS and K. N. SANBORN,* JJ.

GRIBBS, J. In this case we are presented with an issue similar to that addressed in *Farm Bureau Mutual Ins Co v Horace Mann Ins Co,* 131 Mich App 98; 345 NW2d 658 (1983). In *Farm Bureau* we decided that the "other insurance" clauses of conflicting insurance policies should be disregarded and liability prorated based on the combined policy limits. See *Lamb-Weston, Inc v Oregon Automobile Ins Co,* 219 Or 110; 341 P2d 110 (1959). Here, the insurance policies of the self-insured plaintiff, Mary Free Bed Hospital and Rehabilitation Center, and the defendant, Insurance Company of North America (INA), contain conflicting "excess" clauses. Consistent with our opinion in *Farm Bureau,* we hold that the clauses should be disregarded and pro-rata liability attached.

In assigning pro-rata liability, a problem not present in *Farm Bureau* arises. The Mary Free Bed Plan has a policy limit of $250,000. The INA policy has a $1,000,000 limit and a $10,000 deductible. The deductible amount was paid for here by

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the Mary Free Bed Plan. Thus, the hospital argues that in considering its pro-rata liability, the policy's value is $240,000, which is the policy limit less the sum covered under INA's deductible. INA argues that proration should be based on the plaintiff's policy limit of $250,000 without adjustment. The trial court used the plaintiff's calculation to arive at a liability proportion of 19.35% for Mary Free Bed and 80.65% for INA. We disagree with this method and accept INA's "policy limits" argument. See 8A Appleman, Insurance Law & Practice, § 4909, p 408; 16 Couch, Insurance (2d ed), § 62:2, pp 436-437. The applicable deductible does not affect proration. The insurers are to pay the loss in proportion to their policy limits.

The trial court properly determined that prorata liability applies, but erroneously calculated the amount of proration. We affirm in part and reverse in part and remand for entry of an order consistent with this opinion.

We do not retain jurisdiction.