SECURA INSURANCE COMPANY v CINCINNATI INSURANCE COMPANY

Docket No. 132067. Submitted April 7, 1992, at Lansing. Decided February 16, 1993, at 9:20 A.M.

Secura Insurance Company brought an action in the Saginaw Circuit Court against Cincinnati Insurance Company, seeking reimbursement of one-half of the funds it paid following a mediation evaluation against its insured, William Schaffnitt. The defendant counterclaimed, seeking all the funds it paid following the same mediation evaluation against its insured, Thomas Vanderkelen. The claims originated following an accident involving an all-terrain vehicle owned by Schaffnitt and driven by Vanderkelen that injured Michael Mol. After Mol sued Vanderkelen and Schaffnitt, Cincinnati Insurance Company provided homeowner's coverage for Vanderkelen with a policy limit of $300,000, and Secura Insurance Company provided homeowner's coverage for Schaffnitt with a policy limit of $100,000. Both policies contained clauses denying liability if the risk was covered by other insurance. A mediation panel returned an evaluation of $24,000 joint and several liability against Vanderkelen and Schaffnitt. The parties accepted the evaluation and the insurers agreed to a settlement whereby each paid $12,000. This action followed. The court, Robert S. Gilbert, J., granted summary disposition for Secura, finding that the Secura policy defined Vanderkelen as an insured because he operated the vehicle with Schaffnitt's permission, and that each policy covered the same insured for the same risk. The court relied upon the rule of law that conflicting "other insurance clauses" that would cover a loss only if the other policy did not exist are to be rejected in toto and each insurer's liability then prorated on the basis of its proportionate share of the combined policy limits. Neither the mediation panel nor the circuit court apportioned the percentage of fault attributable to Vanderkelen and Schaffnitt. Cincinnati Insurance Company appealed.

The Court of Appeals *held:*

1. The trial court correctly determined that each insurer's liability must be prorated on the basis of its proportionate share of the combined policy limits. However, this rule of law

applies only where the named insured on both policies is the same person, the policies insure against the same risk, and either policy would cover the loss if the other did not exist. The only "same insured" covered by both policies is Vanderkelen, and, therefore, the rule applies only to the parties' liability for Vanderkelen.

2. The order granting summary disposition must be vacated and the case remanded to the circuit court for a determination of the percentage of fault attributable to Vanderkelen and Schaffnitt. Secura is responsible for paying all of Schaffnitt's liability. Liability for Vanderkelen must be prorated between the insurers.

Vacated and remanded.

*Smith, Bovill, Fisher, Meyer & Borchard, P.C.* (by *Robert A. Jarema*), for the plaintiff.

*David A. Wallace* and *Richard L. Alger, Jr.,* for the defendant.

Before: REILLY, P.J., and HOLBROOK, JR., and MARILYN KELLY, JJ.

PER CURIAM. Defendant Cincinnati Insurance Company appeals as of right a June 15, 1990, Saginaw Circuit Court order granting the plaintiff, Secura Insurance Company, summary disposition. We vacate the court's order and remand for further proceedings consistent with this opinion.

This case originated from an accident involving an all-terrain vehicle. While driving the vehicle, Thomas Vanderkelen injured Michael Mol. Mol sued Vanderkelen and William Schaffnitt, the owner of the vehicle. Cincinnati Insurance Company provided homeowner's coverage for Vanderkelen with a policy limit of $300,000. Secura Insurance Company provided homeowner's coverage for Schaffnitt with a policy limit of $100,000. A mediation panel returned an evaluation of $24,000 jointly and severally against Vanderkelen and Schaffnitt. The parties accepted the mediation

evaluation, and the plaintiff and the defendant entered a settlement whereby each paid $12,000 toward the settlement.

On December 15, 1990, the plaintiff filed suit against the defendant, claiming that the defendant should pay it $6,000 dollars toward the settlement, plus costs and attorney fees. Defendant filed a counterclaim seeking the $12,000 it had paid, plus costs and attorney fees. Both parties filed for summary disposition.

Following a hearing, the circuit court found that the plaintiff's policy defined Vanderkelen as an insured because he operated the vehicle by permission of its owner. The court also found that both policies contained other insurance clauses, and that each policy covered the same insured for the same risk. Granting the plaintiff's motion for summary disposition, the court relied upon *Farm Bureau Mutual Ins Co v Horace Mann Ins Co,* 131 Mich App 98, 103-104; 345 NW2d 655 (1983), which holds that conflicting other insurance clauses in policies that would cover a loss if the other policy did not exist are rejected in toto and each insurer's liability is then prorated on the basis of the proportion of the combined policy limits represented by the limits of each policy. Neither the circuit court nor the mediation panel apportioned the percentage of fault between Vanderkelen and Schaffnitt.

Defendant argues that the plaintiff is the primary insurer because it insured the owner of the vehicle. Defendant asserts that because the plaintiff is the primary insurer, it is liable for the entire amount of the judgment. Defendant also claims there was no need to prorate the parties' liability because primary coverage follows the vehicle. On the other hand, the plaintiff argues that the circuit court properly prorated the liability of

the insurers, and that the issue of the percentage of fault between Vanderkelen and Schaffnitt is irrelevant because there was more than one policy to cover payment of the loss.

In *Werner v Travelers Indemnity Co*, 55 Mich App 390, 396; 222 NW2d 254 (1974), this Court held that an insurer's policy issued to the owner of a vehicle involved in an accident with an uninsured vehicle is the primary policy and that the insurer is liable to the limits of the policy without apportionment despite the presence of pro-rata clauses in the policy and in another policy under which the plaintiff's decedent was an insured party under the uninsured motorist coverage provided. However, *Werner* is inapplicable for two distinguishing reasons. First, *Werner* was actually decided on the basis that the appeal was not properly before this Court. *Id.*, p 395. Consequently, its resolution of the issue regarding the conflicting other insurance clauses is dicta. Second, unlike the present case that involves homeowner's insurance, *Werner* involved the interpretation of automobile insurance and relied upon the interpretation of the uninsured motorist statute, MCL 500.3010; MSA 24.13010, which is no longer in effect. See 1972 PA 345.

In the present case, the other insurance clauses contained in the parties' homeowner policies are "no liability" clauses providing that there shall be no liability if the risk is covered by other insurance. See *Federal Kemper Ins Co, Inc v Health Ins Administration, Inc*, 424 Mich 537, 542; 383 NW2d 590 (1986). Accordingly, the trial court correctly determined that each insurer's liability must be prorated on the basis of the proportion of the combined policy limits represented by the limits of each policy. *Farm Bureau Mutual Ins Co, supra; Mary Free Bed Hosp & Rehabilitation Center v Ins*

*Co of North America,* 131 Mich App 105; 345 NW2d 658 (1983).[1] Nevertheless, this rule of law applies where the named insured was the same person on both policies and insured against the same risk, and either of the policies would cover the loss if the other did not exist. See *Rogan v Morton,* 167 Mich App 483, 489; 423 NW2d 237 (1988); *Bd of Trustees of Michigan State University v Continental Casualty Co,* 730 F Supp 1408, 1415 (WD Mich, 1990). Here, the only "same insured" covered by both policies is Vanderkelen. Thus, the rule in *Farm Bureau Mutual Ins Co* applies only to the parties' liability for Vanderkelen, because the circuit court found that both the plaintiff and the defendant were contractually obligated to defend Vanderkelen. Regarding Schaffnitt, if the plaintiff's policy did not exist, the defendant would not be liable for any claim involving him. The rule in *Farm Bureau Mutual Ins Co* does not apply to the liability for Schaffnitt. As a result, each insurer's liability must be prorated only in regards to the claim against Vanderkelen. Because the plaintiff is the sole insurer of Schaffnitt under these facts, it alone is responsible for paying the judgment against him.

Liability between joint tortfeasors is to be apportioned pro rata considering relative degrees of fault. MCL 600.2925b; MSA 27A.2925(2). However, without knowing the percentage of fault between Vanderkelen and Schaffnitt, we cannot determine the amount each party must contribute to the settlement. The circuit court might have reached the correct result depending on the percentage of fault between the two men. For example, if Vanderkelen was one hundred percent responsible for Mol's injuries, then the plaintiff's liability for

---

[1] *Federal Kemper, supra,* p 543, n 5, expressed no opinion regarding these two cases because neither of them involved no-fault insurance as did *Federal Kemper.*

Schaffnitt would be zero. Because the plaintiff's policy limit regarding Vanderkelen is $100,000 and the defendant's policy limit regarding him is $300,000, the plaintiff's total liability would equal $6,000 and the defendant's liability would equal $18,000 after proration. Under this example, the circuit court did not err in granting the plaintiff summary disposition. Comparatively, if Vanderkelen and Schaffnitt were equally at fault, then the plaintiff's liability for Schaffnitt would be $12,000, plus a prorated $3,000 for Vanderkelen's liability. Defendant's prorated liability for Vanderkelen would be $9,000.[2]

Thus, the circuit court's order granting the plaintiff summary disposition is vacated. We remand to the circuit court for a determination of the percentage of fault attributable to Vanderkelen and Schaffnitt for Mol's injuries. The court shall hold the plaintiff responsible for paying all of Schaffnitt's liability, and then prorate the liability for Vanderkelen between the parties. We do not retain jurisdiction.

Vacated and remanded.

---

[2] Schaffnitt, the owner, was apparently not involved in the accident in which Vanderkelen was driving the vehicle. Unless Schaffnitt was charged with active negligence, i.e. having negligently entrusted the vehicle to the driver, it would appear that his liability would be vicarious only, and he would not be "at fault" for the accident. We leave this determination to the trial court.