9 F.3d 109
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NUTMEG INSURANCE COMPANY, Plaintiff-Appellee,
v.
Herbert L. NIGG, M.D.; Defendant,
Ronald G. Hines, M.D., Defendant-Appellant.
 No. 93-1490.
 United States Court of Appeals, Sixth Circuit.
 Oct. 18, 1993.
 
 Before: BOGGS and SUHRHEINRICH, Circuit Judges, and BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Ronald G. Hines, M.D., appeals from a district court judgment declaring that Nutmeg Insurance Company (Nutmeg) has no duty either to defend or to indemnify Dr. Hines in a civil action brought in Michigan's Saginaw County Circuit Court. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The parties have not requested oral argument, and, therefore, have waived it. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Pursuant to a liability insurance policy, Nutmeg undertook the defense of Hines against a complaint filed by Mary and Thomas Perkins. The Perkinses' complaint alleged, in essence, that Hines unlawfully removed organs from the body of the Perkinses' deceased son. Subsequently, Nutmeg filed in the district court a complaint for declaratory judgment, alleging that it owed neither a duty to defend nor a duty to indemnify Hines in the Perkinses' action. Both Nutmeg and Hines moved for summary judgment. The district court determined that Hines was not an insured under the Nutmeg policy, and judgment was entered in favor of Nutmeg. On appeal, Hines argues that he is an insured under the policy issued by Nutmeg.
 
 
 3
 This court's review of a grant of summary judgment is de novo; it uses the same test as used by the district court. Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991). Summary judgment is appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).
 
 
 4
 Under the policy issued by Nutmeg, Tuscola County is the named insured. Under Section IV of the policy, each of the following is also an insured:
 
 
 5
 (b) Any commission, board, authority, administrative department or other similar unit operated by and under your jurisdiction;
 
 
 6
 (c) Your employees and authorized volunteers, other than licensed medical, nursing, dental or paramedical personnel;
 
 
 7
 (d) Any duly elected or appointed officials and members of your governing body.
 
 
 8
 Subsection (c) of Section IV was amended in relevant part to read as follows:
 
 
 9
 Your employees and authorized volunteers, other than licensed medical, nursing, dental or paramedical personnel, but only for acts within the scope of their employment or as authorized by you.
 
 
 10
 We agree with the district court that Hines is not an insured pursuant to the policy of insurance. Applied to Hines, the language of the policy is clear and unambiguous. Hines is not an insured under subsection (b) as he is not a commission, board, authority, administrative department or other similar unit. Hines is excluded from subsection (c) as he is a licensed pathologist. Finally, under subsection (d), even if Hines is a member of the Medical Examiner's Office, we are satisfied that the Medical Examiner's Office is not the governing body of Tuscola County.
 
 
 11
 Contracts that are unambiguous must be enforced as written, Shaffner v. City of Riverview, 397 N.W.2d 835, 837 (Mich.Ct.App.1986), as that language must be held to express the intentions of the parties. Grau v. Detroit Auto. Inter-Ins. Exchange, 383 N.W.2d 616, 619 (Mich.Ct.App.1985) (per curiam). In the present case, the unambiguous language of the insurance policy makes clear that Hines is not an insured. Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.