MINSTER v STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY

Docket No. 177279. Submitted February 21, 1996, at Grand Rapids. Decided May 31, 1996, at 9:00 A.M.

Beverly Minster, as personal representative of the estate of Eugene A. Minster, brought an action in the Bay Circuit Court against State Farm Mutual Automobile Insurance Company, seeking no-fault work-loss benefits that the defendant had refused to make to the plaintiff's decedent. The defendant claimed that it was entitled by statute to offset against its no-fault work-loss liability the social security disability benefits received by the plaintiff's decedent irrespective of the fact that those social security benefits were also used as a setoff against the benefits paid by the self-funded disability plan operated by the decedent's employer and that it, in fact, had overpaid its work-loss liability. The plaintiff argued that it was inequitable to allow both the defendant and the disability plan to offset against their respective liabilities the social security disability benefits received by the decedent. The trial court, Eugene Penzien, J., determined, as a matter of law, that the defendant was entitled to deduct from its no-fault work-loss liability the amount of the social security disability benefits and that the defendant could offset against other benefits that might be due and owing to the plaintiff the amount of its overpayment of work-loss benefits. The plaintiff appealed.

The Court of Appeals held:

1. The employer-funded disability plan clearly provided that benefits paid under the plan were to be reduced by the amount of any social security benefits that were received. Section 3109(1) of the no-fault act, MCL 500.3109(1); MSA 24.13109(1), clearly requires that any benefit provided by the federal government, which would include social security disability benefits, must be subtracted from personal protection benefits payable under the no-fault act, which includes work-loss benefits.

2. Although the Employee Retirement Income Security Act, 29 USC 1001 et seq., provides that plans subject to its provisions must include a provision for a setoff of other like benefits and the doctrine of federal preemption requires that such a setoff be given pri-

macy where there is coordination of benefits, the act does not prohibit similar setoffs in state-regulated benefit plans where, as here, there is no coordination of benefits between the federally regulated and the state-regulated plans. Accordingly, the trial court properly concluded that the defendant was entitled to offset against its work-loss liability the amount of the social security disability benefits that had been received by the plaintiff's decedent.

Affirmed.

*Patterson, Gruber, Kennedy, Gill & Milster* (by *Harry P. Gill*), for the plaintiff.

*Smith & Brooker, P.C.* (by *Richard C. Sheppard*), for the defendant.

Before: MARKEY, P.J., and HOLBROOK, JR., and M. J. MATUZAK,* JJ.

PER CURIAM. Plaintiff appeals as of right from the trial court's judgment of no cause of action in favor of defendant, which also authorized defendant to subtract $1,723 from other benefits that might be due and owing to plaintiff, reflecting the overpayment of work-loss benefits that defendant made to plaintiff's decedent. We affirm.

The unique issue presented in this case is whether the decedent's social security disability benefits may be deducted both from the disability benefits that he received through his employer's self-funded disability plan[1] that is controlled by the Employee Retirement

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Under Article II, § 6(h) of the Supplemental Agreement Covering Life and Disability Benefits Programs between General Motors Corporation, the employer of plaintiff's decedent, and the United Automobile Workers, "[s]ickness and Accident Benefits otherwise payable for any period of disability shall be reduced by the weekly equivalent of any Disability Insurance Benefits or Old-Age Insurance Benefits (Primary Insurance Amount only) to which the employe[e] is entitled for the same period under the Federal Social Security Act or any future legislation providing similar ben-

Income Security Act (ERISA), 29 USC 1001 *et seq.*, and from the no-fault insurance benefits that he received from defendant, pursuant to MCL 500.3109(1); MSA 24.13109(1).[2] Given that an ERISA plan's setoff provision must be enforced according to its plain meaning, *Auto Club Ins Ass'n v Frederick & Herrud, Inc (After Remand)*, 443 Mich 358, 387, 389-390; 505 NW2d 820 (1993), and that § 3109(1) of the no-fault act clearly requires the setoff of social security benefits even for noncoordinated no-fault policies, *Profit v Citizens Ins Co of America*, 444 Mich 281, 288; 506 NW2d 514 (1993), we believe that defendant is also entitled as a matter of law to offset each social security payment that plaintiff's decedent received. Thus, the trial court did not commit legal error in interpreting and applying § 3109(1) to the facts of this case. See *Ireland v Smith*, 214 Mich App 235, 243; 542 NW2d 344 (1995).

According to plaintiff, a conflict exists between the ERISA disability plan offered by the employer of plaintiff's decedent and defendant's no-fault policy because *both* the plan administrator and defendant claim that they are entitled to offset or reduce their benefit payments by the amount of the social security benefits paid to plaintiff's decedent. Plaintiff believes that this arrangement is patently inequitable. Plaintiff relies on *Frederick & Herrud, supra*, for the proposition that defendant's policy must "give way" so the ERISA disability plan can be enforced. We believe that plaintiff's

---

efits, except old-age benefits reduced because of the age at which received."

[2] Section 3109(1), provides: "Benefits provided or required to be provided under the laws of any state or the federal government shall be subtracted from the personal protection insurance benefits otherwise payable for the injury." Personal protection insurance benefits include benefits for medical expenses and work loss. MCL 500.3107; MSA 24.13107.

reliance is misplaced. In *Frederick & Herrud, supra* at 387, 389-390, the Michigan Supreme Court held that if both an ERISA plan and a no-fault policy contain coordination of benefits provisions, the ERISA plan's coordination policy must be enforced and the no-fault insurer is liable as the primary insurer despite the fact that § 3109(1) allows no-fault carriers to sell coordinated benefits policies:

> Although the Michigan [no-fault] statute purports to regulate insurance and not ERISA plans, we conclude that it has a direct effect on the administration of the [ERISA] plans in these cases because it would virtually write a primacy of coverage clause into the plans. This is the type of state regulation that would lead to administrative burdens that the historical progression of federal cases recounted earlier forbids. [*Id.* at 387.]

We do not interpret *Frederick & Herrud* as plaintiff does to mean that because ERISA preempts state laws regarding self-funded employee-benefit plans, it also preempts any state law that deals with any other payment of any other disability or work-loss benefits. Indeed, our Supreme Court expressly rejected this idea. See *id.* at 381, 385.[3] Rather, *Frederick & Herrud, supra,* and *Profit, supra,* make clear the path that we must follow in this case, and we cannot ignore the setoff language of § 3109(1) merely because plaintiff's decedent also received other disability benefits under an ERISA plan that contained similar setoff language.

---

[3] Congress' first move in its effort to prevent regulation that would frustrate the purposes behind the ERISA was the enactment of the preemption clause. . . . Nonetheless, Congress removed from the reach of state regulation pension or health and welfare benefits plans established under the ERISA pursuant to the deemer clause, *although it did not specifically forbid any state regulation of insurance,* banking, or securities law. [*Id.* at 385 (emphasis added).]

Plaintiff argues that permitting defendant to offset social security benefits against no-fault work-loss benefits is patently unfair and constitutes an inequitable penalty in light of the controlling ERISA plan, which also required a setoff of social security benefits.[4] Plaintiff further asserts that because the decedent paid a higher premium for a noncoordinated benefits no-fault policy, the decedent was entitled to receive more benefits, not less. Plaintiff cites no statutory or case law authority for this proposition, however, and we find no support for it. Our review of plaintiff's no-fault policy reveals that the policy's setoff language applies whether the policy is coordinated or noncoordinated. Moreover, nothing in the language of § 3109(1) or the legislative history evidences a legislative intent to suspend the no-fault act's *mandatory* setoff provisions under any circumstances.

We recognize that plaintiff's decedent was receiving more benefits before he applied for social security benefits than after he began receiving them and became subject to the respective setoffs, i.e., he received no-fault work-loss benefits plus employer-provided disability benefits as opposed to no-fault benefits plus employer benefits less two times the amount of each social security payment. See *Grau v DAIIE*, 148 Mich App 82, 89-90; 383 NW2d 616 (1985).[5] This fact alone does not permit us to ignore

---

[4] When confronted by his employer's ERISA plan regarding the setoff and overpayment, plaintiff's decedent repaid the plan over $4,000.

[5] In *Grau, supra* at 90, this Court recognized that permitting the setoff of social security benefits against both the plaintiff's no-fault benefits and her employee disability benefits did not amount to a "double setoff"; rather, it merely precluded double recovery from no-fault insurance and social security disability benefits as well as double recovery from the bargained-for employee disability plan and social security disability benefits.

the intent of the Legislature as expressed in § 3109(1). Any inequity that exists must be remedied by the Legislature. See *DeMeglio v Auto Club Ins Ass'n*, 449 Mich 33, 47-48; 534 NW2d 665 (1995); *Grau, supra* at 89.

Accordingly, upon review de novo of the record, we find that the trial court did not err in determining, as a matter of law, that defendant was entitled to deduct from the work-loss benefits it paid to plaintiff's decedent the amount of social security disability payments that the decedent received before his death. Because plaintiff does not challenge the amount of the overpayment that the trial court authorized the defendant to offset against other benefits due and owing, we do not address that issue.

Affirmed.